(77 South. 67)

ALABAMA GREAT SOUTHERN R. CO. v. VERMILLION. (6 Div. 38.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

CARRIERS 251—MILEAGE BOOK—REFUSAL BY OTHER CARRIER—LIABILITY.

On April 3, 1914, plaintiff telephoned to defendant's agent at B. that he wanted transportation from B. to S. Before the train was due plaintiff went to defendant's ticket office in B. and the agent delivered to him a book containing mileage coupons, form S. I. M., and a ticket from B. to S., the agent tearing out of the book coupons to pay for such ticket, and the plaintiff signing such contract printed on the lid of the mileage book. The ticket which defendant's agent gave the plaintiff routed plaintiff over defendant's railway and over the V., S. & P. Railroad to S. There was stamped on the face of the contract signed by plaintiff, in large red letters, that coupons would not be accepted on trains or for transportation over the V., S. & P. after March 1, 1914. Under tariff duly filed with the Interstate Commerce Commission by defendant railway and others it was provided that the V., S. & P. Railroad would not honor coupon mileage tickets, form S. I. M. Desiring to return to B. plaintiff presented to the ticket agent of the V., S. & P. Railroad the mileage book, and demanded a ticket in exchange for mileage coupons. This was refused, and plaintiff took passage on the train of the V., S. & P. and was ejected by the conductor for refusal to pay fare. Plaintiff brought action for damages for defendant agent's wrongful representation that the mileage transportation was good over the V., S. & P. Railroad upon his return trip. Held, that as the contract was strictly in conformity to the regulations and tariff filed with the Interstate Commerce Commission, it was binding on plaintiff, and defendant was not liable for the agent's statement that the coupons were good for return transportation over the V., S. & P. Railroad.

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action by W. E. C. Vermillion against the Alabama Great Southern Railroad Company, for damages for misrepresentation in the sale of mileage transportation. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. G. & E. D. Smith, of Birmingham, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

SAMFORD, J. On April 3, 1914, the plaintiff telephoned to the defendant's agent at Bessemer, Ala., that he wanted transportation from Bessemer to Shreveport, La., and for the agent to make up the transportation from Bessemer, Ala., to Shreveport, La., and return. Shortly after this phone message, and before the train was due, plaintiff went to the defendant's ticket office in the city of Bessemer, and told defendant's agent who he was, and the agent delivered to plaintiff a book containing mileage coupons, form S. I. M., and a ticket from Bessemer, Ala., to Shreveport, La., the agent tearing out of the book coupons to pay for the ticket, and the plaintiff signing the contract printed on the lid of the mileage book. At the same time, plaintiff paid to defendant's agent $25, being the price of a 1,000-mile coupon book, S. I. M. The plaintiff testified that defendant's agent told him that the transportation was all right. The ticket which defendant's agent gave to plaintiff, and for which he pulled the mileage, routed plaintiff over defendant's railroad and over the Vicksburg, Shreveport & Pacific Railroad to Shreveport, and plaintiff did travel over said route to his destination without further incident. There was stamped on the face of the contract, signed by plaintiff, and stamped by defendant the following: "Coupons from this book will not be accepted on trains," etc., and, "On and after March 1, 1914, coupons from this book will not be accepted for transportation over the Vicksburg, Shreveport & Pacific Railroad, nor will coupons from this book be accepted for transportation over the Louisiana Railway & Navigation Company, west of the Mississippi river." The above quotations were stamped in red ink on the face of the contract, and in letters four times as large as the letters in the body of the contract. This contract was stamped by the company, evidencing its acceptance, and signed in ink by the plaintiff. There was also in evidence joint passenger tariff No. 5858, canceling joint passenger tariff No. 5843, and supple-

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

menting passenger tariff No. 5853, in effect March 1, 1914, governing interchangeable 1,000-mile individual tickets, form S. I. M. This tariff shows that published in it are the separate rates, rules, and regulations of a number of individual carriers, to wit, forty, among which are the defendant, Alabama & Vicksburg Railway, and Vicksburg, Shreveport & Pacific Railway. Contained in said tariff is the following:

"Vicksburg, Shreveport & Pacific Railway, effective March 1, 1914, this company will not honor coupons from mileage tickets, form S. I. M., which are sold on or after that date. Coupons from mileage tickets, form S. I. M., sold prior to March 1, 1914, will be honored if presented within the limit of such mileage tickets. The mileages, arbitraries, etc., of this company, published in tariff, to which this is a supplement, will therefore only be applicable to mileage tickets sold prior to March 1, 1914."

The above tariff was filed with the Interstate Commerce Commission, January 31, 1914, and it was either admitted or shown that all the legal requirements pertaining to said tariff had been complied with. It was admitted that the defendant was a common carrier of passengers, and was such carrier on April 3, 1914.

Some time after the plaintiff reached Shreveport, and in about three weeks, desiring to return to Bessemer, he presented himself to the ticket agent of the Vicksburg, Shreveport & Pacific Railway at Shreveport, and demanded a ticket, in exchange for mileage coupons out of the book he had purchased from defendant's agent. The agent of the Vicksburg, Shreveport & Pacific Railway declined to let him have a ticket on that mileage, and plaintiff testified, though this is denied, that the agent told him to get on the train and the conductor would pull it. Be this as it may, the plaintiff did get on a train of the Vicksburg, Shreveport & Pacific Railway, coming in the direction of Bessemer, and when he was about 14 miles out, the conductor declined to accept the coupons, and required plaintiff to leave the train, which he did under such circumstances as that he was put off the train at a small town. Plaintiff testified that he didn't have money enough to buy a ticket, and was forced to borrow it and travel on a slow train the remainder of the way.

Upon this state of facts, plaintiff claims damages for that defendant's agent wrongfully represented to him that said mileage transportation was good over the said Vicksburg, Shreveport & Pacific Railway upon his return trip, and alleges as elements of damage humiliation, vexation, physical pain, mental anguish, and delay.

It is conceded that the conductor acted within the law when he ejected the plaintiff from the train of the Vicksburg, Shreveport & Pacific Railway. S. A. L. Ry. Co. v. Patrick, 10 Ala. App. 341, 65 South. 439. And if the conductor of the Vicksburg, Shreveport & Pacific Railway had ejected plaintiff in such manner as to have given plaintiff grounds for action against the Vicksburg, Shreveport & Pacific Railway, it could not be contended that this defendant would have been liable for the acts of that conductor. Whatever damage was legally sustained by the plaintiff on account of the mistake or misrepresentation of defendant's agent in the sale of the mileage transportation is properly chargeable to the defendant. S. A. L. Ry. v. Patrick, supra. But let us look at the status of the parties. The defendant's agent did not sell plaintiff a ticket purporting to entitle him to transportation over the Vicksburg, Shreveport & Pacific Railway on the return trip, as was the case in S. A. L. Ry. v. Patrick, supra, but entered into a written contract with plaintiff, which contract had stamped thereon notice that the coupons would not be received for transportation on the line from which the plaintiff was ejected. The making of this contract was not in violation of law, but conformed strictly to the rules, regulations, and tariff of the Interstate Commerce Commission, and, in the absence of fraud, was binding upon the plaintiff as to all of its recitals, and all previous agreements and stipulations are merged in the writing. 2 Mayfield Dig. 754, § 57; Western Ry. Co. v. Harwell, 91 Ala. 340, 8 South. 649. It is true, after the contract was signed, defendant's agent sold a ticket to plaintiff to Shreveport, taking in exchange therefor mileage coupons from the book, which ticket routed plaintiff over the Vicksburg, Shreveport & Pacific Railway to Shreveport. This the defendant had no right to do, and was negligence, and if plaintiff suffered damage by reason of such negligence while traveling on that ticket, he would have an action against the defendant company, but the agent of defendant did not sell plaintiff a ticket from Shreveport to Bessemer. But, aside from that, the plaintiff bases his right to recover upon a statement by the defendant's agent that the coupons in the book accompanying the contract entitled him to ride over the Vicksburg, Shreveport & Pacific Railway, when the plaintiff was charged with a knowledge of the fact that it was unlawful for defendant to sell him mileage coupons, "form S. I. M.," good over the Vicksburg, Shreveport & Pacific Railway, after March 1, 1914. L. & N. R. R. Co. v. Maxwell, 237 U. S. 94, 35 Sup. Ct. 494, 59 L. Ed. 855, L. R. A. 1915E, 665; Boston & Maine R. Co. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 877, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593. In the case of L. & N. R. R. Co. v. Maxwell, supra, Mr. Justice Hughes has collated the authorities, and says: "Shippers and travelers are charged with notice of it," etc., and later in the opinion, he says, "The rule is applicable to the transportation of passengers and their baggage." This being the case, it follows that the plaintiff is claiming damages of the defendant because defendant's agent stated

to him that the coupons in the book attached to the contract and a part thereof would entitle plaintiff to travel over a road which was not authorized by the tariffs of the Interstate Commerce Commission, and which would have been unlawful, the plaintiff being legally charged with knowledge of that fact. The contract entered into was legal and valid, and the one desired by plaintiff would have been illegal, unlawful, and unenforceable. If the plaintiff had made a contract with the agent of defendant for transportation from Bessemer to Shreveport and return, at a rate authorized by and in accordance with the rules and tariff as fixed by the Interstate Commerce Commission, paid his money therefor, and the agent had negligently given him a ticket over a route upon which the ticket would not be honored, and the plaintiff thereby, and as a proximate consequence thereof, suffered damage, then the defendant would be liable. S. A. L. Ry. v. Patrick, supra. But where the plaintiff enters into a written contract with defendant for so many mileage coupons, at a rate below the regular fare (and plaintiff in his cross-examination says he asked for mileage because it was a little cheaper, and admitted his familiarity with mileage books, having bought several), the contract stating over what roads the coupons would be good for transportation, the defendant cannot be held liable for a statement by the defendant's agent that the coupons are good over a road not included in the contract, when the law charges plaintiff with a knowledge of the fact that they are not, and that it would be unlawful for defendant to so contract. Authorities supra.

The defense indicated above was made by appropriate plea, to which demurrer was interposed and sustained. The court erred in sustaining the demurrer.

The judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.