261 So.2d 43

**SECURITY MUTUAL FINANCE CORPORATION, a Corp., et al.**

v.

**Johnny E. HARRIS, a minor 14 years of age, who sues by his father and next friend, C. E. Harris.**

**8 Div. 437.**

Supreme Court of Alabama.

April 13, 1972.

Harris, Harris, Shinn & Harris, Decatur, for appellants.

Kenneth Shelton, Decatur, for appellee.

McCALL, Justice.

The appellants, John Lyle and his principal, Security Mutual Finance Corporation, defended a personal injury suit brought by Johnny E. Harris, a minor, suing by his father and next friend, C. E. Harris. The one count complaint charges the defendants with injuring the plaintiff by negligently causing or allowing an automobile being operated by them to collide with a motorcycle which the plaintiff was operating. The defendants pleaded in short by consent the general issue. At the conclusion of its deliberations, the jury returned a verdict in favor of the plaintiff for $10,500 and the court entered judgment thereon against the defendants.

The defendants filed a motion for a new trial which was overruled. They contend the lower court committed error in overruling the motion for a new trial in three particulars. First, appellants claim they made a prima facie showing that the jury returned a quotient verdict. Secondly, they argue the verdict was excessive. Finally they allege that the trial judge, in his oral jury charge, incorrectly stated the law of contributory negligence.

At the hearing on the motion for a new trial, the appellants' counsel testified that immediately after the jury had returned its verdict, he went into the room where the jury had deliberated. There, in a waste basket, he found torn pieces of paper which he later joined together by taping the fragments in place onto backing sheets. He kept this material in his custody until he testified about it at the hearing on the motion for a new trial. The judge stated, for the record, that other juries had used the same room during the week of this trial. But he also said that no other verdicts had been returned in the same range as the verdict in issue, that is, $10,500.

When the restored pages are examined, one finds that eight separate amounts were written in pencil at different places on the first mended sheet of paper. The lower quarter of the second page reveals four other amounts, three of which are written in ink and one in pencil. In the upper portion of that page is found a column of twelve figures, consecutively numbered from one to twelve, which correspond to the above mentioned amounts. The sum of the column, being 125,500, is entered at the foot. Under a long division symbol, this sum of 125,500 is divided by twelve

giving a quotient of 10,458, which is set down. The jury returned a verdict for $10,500. We think the evidence was adequately identified as the work of the jurors trying the case.

This court has said with respect to quotient verdicts:

"A quotient verdict is in the nature of a gambling verdict; one wherein the juror morally commits himself to a verdict subject to be increased or decreased by any juror naming a high or low amount for the purpose of controlling the average to be written as a verdict. * * *" Ewart v. Cunningham, 219 Ala. 399, 402, 122 So. 359, 362. See also Fortson v. Hester, 252 Ala. 143, 147, 39 So.2d 649; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 122 A.L.R. 637.

In Southern Ry. Co. v. Williams, 113 Ala. 620, 625, 21 So. 328, 329, we further said:

"* * * If a jury should agree in advance that their verdict should be the result or quotient of a division by 12 of the sum total of all the jurors' separate assessments, a verdict brought about by such an agreement ought to be set aside. The principle is very fully discussed in 28 Am. & Eng.Enc.Law, pp. 267–272, and notes.

"Some of the amounts are placed as low as $25. Others range to $1,500. If jurors should bind themselves to return a verdict, the result of such a method, it is apparent that one or two jurors, by resorting to extremes, could force an unfair verdict."

The amounts entered in the column of the twelve figures in the instant case, range from 4,500 to 20,000. This reveals a wide spread in the area of thinking of the different jurors as to what amount the appellee should have been awarded. The average of this thinking does not correspond even in the slightest degree, with the thinking of those at the respective extremes.

■ While in Southern Ry. Co. v. Williams, supra, the amount of the award was the exact quotient of the aggregate divided by twelve, in this case the quotient, 10,458 does not agree precisely with the amount of the verdict returned of $10,500. But, precise agreement between the quotient found and the verdict returned, is not required. If the jurors made an antecedent agreement to be bound by the quotient process and such agreement entered into or induced their determination of the amount of the verdict, a quotient verdict is invalid even if the amount of the verdict is not exactly the same as the quotient obtained by the jury, but is reached by rounding off the quotient to an even number or by making some other slight addition or subtraction. International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53.

■ The question presented is whether or not under the circumstances, a presumption arises in this case that the verdict was a compromise or quotient verdict. Such may arise where data found in the jury room, and appearing to be the work of the jury, produces a quotient substantially the same as the verdict rendered. 66 C.J.S. New Trial § 198, p. 480.

■ In order for there to be a quotient verdict the members of the jury must agree (1) that each juror will specify the figure which he recommends and that all figures will be added together and the sum divided by the number of jurors, and (2) that all the jurors will be bound by, and accept as their verdict, the quotient thereby obtained. See Southern Elec. Generating Co. v. Howard, 275 Ala. 498, 156 So.2d 359; Harris v. State, 241 Ala. 240, 2 So.2d 431; International Agr. Corp. v. Abercrombie, supra; Southern Ry. Co. v. Williams, supra.

■ In this state, it has become established that where evidence is presented of scraps of paper, lists of figures and other memoranda, indicating that the jury used the quotient process and obtained a quotient which corresponds with the amount of the verdict or approximates it, a presumption arises and a prima facie case is made that the jurors have improperly used the quotient process in connection with an antecedent agreement to be bound by the amount of the quotient and that they have thus rendered an invalid quotient verdict. Southern Ry. Co. v. Williams, supra; Alabama City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; Mobile & O. R .R. Co. v. Watson, 221 Ala. 585, 130 So. 199; City of Dothan v. Hardy, 237 Ala. 603, · 188 So. 264, 122 A.L.R. 637; Harris v. State, 241 Ala. 240, 2 So.2d 431; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So. 2d 484; Louisville v. N.R.R. Co. v. Bishop, 17 Ala.App. 320, 85 So. 859; Anno. 8 A.L.R.3d 335, 365. In Fortson v. Hester, supra, 252 Ala. at 147, 39 So.2d at 651, the court stated the rule as follows:

"* * * It is a settled rule in this state that when figures are shown which were used by the jury in its deliberations and from these figures a fair inference may be drawn that the verdict was a quotient verdict, the court will so hold and that the verdict was the result of a previous agreement, unless the contrary is shown. Mobile & O. R. Co. v. Watson, 221 Ala. 585, 130 So. 199. * * *"

■ In the instant case, the appellants offered evidence that the incriminating papers were recovered from the jury room immediately after the jurors had departed. The trial judge stated no other juries, having access to the same room, had returned verdicts during that week in the range of the discovered quotient. The quotient corresponded substantially to the amount of the verdict, the difference between them being only $42. Such evidence was adequately identified as the work of the jurors trying the case. We therefore disagree with the appellee's contention that the above facts are insufficient to create a presumption or prima facie case of a quotient verdict. International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; Ledbetter v. State, 17 Ala. App. 417, 85 So. 581. In International Agr. Corp. v. Abercrombie, supra, 184 Ala. at 259, 63 So. at 553, this court said: "[t]he evil effects of a quotient verdict cannot be cured by agreeing thereafter to a slightly different verdict, if it appears that the agreement made in advance entered into or induced the result * * *." The $42 difference is slight when compared to the size of the verdict. It appears the quotient was merely rounded off to the next hundred.

The appellee produced no testimony or affidavits to prove that the jurors did not agree in advance to abide by the result of their computations, or that the quotient was only a basis for further deliberations, or any other facts to show the verdict was an expression of the fair judgment of the several jurors.

We have the same high respect for jury verdicts now as we did when the court, in George's Restaurant v. Dukes, supra, 216 Ala. at 241, 113 So. at 54, said:

"* * * in view of the case (sic) [ease] with which the winning party may produce explanatory evidence in cases of this kind, and the inability of the losing party to obtain other than circumstantial evidence, we think the rule in the Williams Case convenient of application and conservative of justice."

For the error pointed out, we are of the opinion that the trial court erred to reversal in not granting the appellants' motion for a new trial.

Since a new trial must be had, the question of the excessiveness of damages awarded in this case is now moot.

**374**

We now consider the appellants' assignment of error 4 which is:

"The trial court erred in charging the jury in the oral charge of the court to the jury that 'The clear contributory negligence is what we call affirmative plea, therefore, what we mean by that is that the defendant himself has the burden of reasonably satisfying each one of you that the plaintiff was himself guilty of some negligence which proximately caused his injury.' * * *"

We do not find though that the appellants excepted to the above quoted portion of the oral charge. Their attorney said at the close of the court's oral charge:

"I have one exception. At one point you said that the plaintiff is also guilty of negligence which proximately brought about his injury rather than proximately contributed to his injury and then shortly after that which proximately caused the injury. Our theory is it has to only proximately contribute to it and not cause it."

 We think the exception was directed to a portion of the court's oral charge which precedes that which is quoted in the appellants' assignment of error 4, as the language there appearing is somewhat similar to that stated in the exception. Since the appellants did not except to the portion of the oral charge assigned as error, Stallworth v. Doss, 280 Ala. 409, 194 So.2d 566, and since the appellants did not assign as error, the part excepted to, Meadors v. Haralson, 226 Ala. 413, 147 So. 184, nothing is presented for this court to review.

The cause is reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and MADDOX, JJ., concur.