Defendant, Birmingham Southern Railroad Co., appeals from a judgment for plaintiff, James E. McDonald, in an action brought under the Federal Employers' Liability Act.
In March 1974, plaintiff was employed by defendant as a hostler. A hostler's job is to service locomotives and includes checking the fuel, lube oil, air compressor oil, governor oil, and water. To perform these tasks, a hostler must traverse the walkway which borders a diesel locomotive's hood.
One day as plaintiff was servicing defendant's locomotive No. 93, he stepped on a small object and his foot slid off the walkway, causing him to fall to the ground. As a result of the fall, his right elbow was fractured and the right arm below the elbow is 18 percent permanently impaired.
Locomotive No. 93 is a class 900 locomotive and is used primarily as a switch engine. All 900 series locomotives have a 17-inch-wide walkway around the hood. The walkway has no guardrail and is approximately five feet above the ground. All 900's have handrails mounted on the hood above the cabinet doors.
Plaintiff filed suit under the Federal Employers' Liability Act alleging, inter alia, that defendant negligently failed to furnish plaintiff a reasonably safe place to work. The jury rendered a verdict for plaintiff in the amount of $56,850. Defendant's motion for a new trial was denied.
On appeal, defendant urges four grounds for reversal: (1) the trial court's allowing certain testimony by a state safety inspector; (2) the trial court's refusing to allow defendant to take the testimony of a qualified Federal Railway Agency inspector; (3) improper argument by plaintiff in his closing argument; and (4) the jury's rendering a quotient verdict. We affirm.
 I
During the trial, plaintiff was allowed to read into evidence portions of the deposition of Mr. James E. Hammett, Sr., an industrial safety inspector with the Alabama Department of Industrial Safety. Mr. Hammett specializes in railroad safety inspections. He testified that he had issued several notices to defendant for failing to have guardrails running along the walkways of several of its small switching locomotives, including No. 93, pursuant to Rules 52 and 34 of the state safety manual.
Defendant contends that permitting this testimony was error. It argues that the safety manual does not have the force of law and is not admissible on the issue of negligence. It argues that Mr. Hammett's testimony was inadmissible because it dealt with the ultimate issue of whether failure to install guardrails violated any applicable safety act and constituted negligence. Further, defendant argues that interstate railroad safety is within the exclusive control of the appropriate federal agency and thus that competing state regulations are inapplicable. *Page 1006 
Defendant's arguments hinge upon the admission of Mr. Hammett's statement that he had cited defendant for violations of state safety regulations. However, after defendant had objected to admission of that statement and the court had sustained the objection, defendant itself insisted that it be admitted. Up to that point, Mr. Hammett had been portrayed as a state railroad safety inspector who had recommended that defendant install guardrails. Defendant cannot now complain of an alleged error which it invited. Southern Electric GeneratingCo. v. Lance, 269 Ala. 25, 110 So.2d 627 (1959).
Moreover, both plaintiff and the court treated Mr. Hammett's testimony as that of an expert who had firsthand knowledge of the situation and who had notified defendant of the alleged hazard. Defendant did not object to the use of Mr. Hammett as an expert witness, but only to certain portions of his testimony. Defendant's complaint is that the court admitted Mr. Hammett's testimony that he had issued notices to defendant concerning the lack of guardrails. However, since negligence was at issue, that testimony was admissible on the question as to whether defendant knew or should have known of the alleged hazard. Sears v. Southern Pacific Co., 313 F.2d 498 (9 Cir. 1963).
 II
Defendant contends that the trial court erred in refusing to permit it to depose Mr. Dub Rodgers, a qualified Federal Railway Agency inspector, to show that locomotive No. 93 met all requirements of federal law. Plaintiff argues that the trial court did not abuse its discretion in refusing to permit the deposition because defendant waited until the last minute (late in the afternoon the day the case was assigned for trial) to seek to obtain the testimony and because taking the deposition would have required the trial judge's presence after regular court hours. Furthermore, plaintiff argues, it was not necessary to take the deposition because he agreed to stipulate that Mr. Rodgers would testify that the locomotive did not violate federal regulations. (Defendant never offered into evidence any stipulations to this effect.) Moreover, Mr. Hammett and other witnesses stated the same thing in their testimony. Thus, even if we were to assume that the court erred in refusing to permit defendant to take the deposition of Mr. Rodgers, the error was harmless in view of plaintiff's proffered stipulation and the same testimony given by other witnesses. Chambers v. Culver, 289 Ala. 724, 272 So.2d 236
(1973).
 III
Defendant asserts in new trial motion that plaintiff's counsel on two separate occasions during his closing argument urged the jury to award plaintiff at least $68,000 or to mistry the case and allow another jury to do justice. Defendant argues that those statements were so "grossly improper and highly prejudicial" that they are grounds for reversal even thoughdefendant did not object at the time the statements were made.
We agree with plaintiff that, since the transcript of the record does not contain any portion of the closing arguments, there is no record that the alleged statements were made. This Court cannot consider these matters outside the record.Southern Electric Generating Co. v. Lance, supra.
Moreover, the alleged improper argument bears only on the amount of the verdict, and defendant has not contended in brief that the trial judge should have granted a new trial on the ground of excessiveness of the verdict. Consequently, as this Court held in Cooper v. Watts, 280 Ala. 236, 239,191 So.2d 519, 521 (1966), the error, if any therein, is rendered harmless, viz.:
 "The other questions argued by appellant relate to the admission of evidence and argument to the jury by appellee's counsel. All of these argued assignments of error relate to, and have a bearing upon, the amount of damages to be awarded the plaintiff; but the amount of the damages is not questioned by appellant in his brief, although one of the *Page 1007 
grounds of his motion for a new trial charged excessiveness of the verdict. Accordingly, error, if there be error in any of the challenged rulings, is rendered harmless and cannot work a reversal. . . ."
 IV
Several weeks after the trial of this case, a piece of paper was discovered among the exhibits taken from the jury room. On that piece of paper were twelve figures which were added together. The sum was divided by twelve. The quotient was $56,850, the exact amount of the verdict which the jury had rendered. Along with its motion for a new trial, defendant attached affidavits from four jurors stating that it had been suggested that they average the amounts that the jurors thought should be the verdict and that they had agreed that the result would be their verdict. Only one of the affiants stated that this agreement had been reached before the calculation was made, and even he later testified that they had not agreed in advance to be bound by the result. In response, plaintiff produced affidavits of four jurors, including two who had executed affidavits for defendant. All four stated that there had been no prior agreement that they would be bound by the result of the calculations.
As plaintiff concedes, the piece of paper establishes a prima facie case of a quotient verdict. Security Mutual Finance Corp.v. Harris, 288 Ala. 369, 261 So.2d 43 (1972). "While jurors are not permitted to impeach their own verdict, they may by affidavit disclose facts to sustain their verdict." Fleming v.Knowles, 272 Ala. 271, 278, 130 So.2d 326, 332 (1961).
Even if the affidavits offered by defendant are considered, it is not clear from them that the jurors agreed in advance to be bound by the result of their calculations. In fact, the jurors stated positively in the testimony and in the affidavits offered by plaintiff that they did not agree in advance to be bound by the result of their calculations. The trial court considered this evidence on defendant's motion for a new trial and found that the verdict was properly reached. We find no reason to disturb that finding.
AFFIRMED.
HEFLIN, C.J., and JONES, SHORES, and EMBRY, JJ., concur.