I respectfully dissent from that portion of the majority's opinion regarding the jury's *Page 390 
use of the quotient method in arriving at the amount of damages.
Alabama law requires a jury verdict to be unanimous,Cribbs v. Shotts, 599 So.2d 17 (Ala. 1992); that is, the jury must be in full agreement as to liability. In this case, one juror proposed to award no damages at all, thus indicating that that juror had found no liability and that, therefore, the jury was not unanimous as to Volkswagen's liability. However, even assuming that the jury did reach unanimous agreement as to Volkswagen's liability, the amount of proposed damages submitted by each juror ranged from $0 to $2,000,000. Where one juror suggests that no damages be awarded and another suggests an amount nearly three times the amount of damages awarded, the quotient verdict cannot possibly be an expression of the fair judgment of the jurors at the extremes; under such a method, one or two jurors, by awarding amounts either extremely low or extremely high, could force an unfair verdict. See SecurityMutual Finance Corp. v. Harris, 288 Ala. 369, 261 So.2d 43
(1972).
In addition, I do not find that the affidavits submitted by the plaintiffs overcome the presumption that the jury improperly employed the quotient method to determine the damages to be awarded. In those affidavits, eight jurors testified that the jury did not agree in advance to be bound by the quotient verdict. However, Volkswagen was not given the opportunity to cross-examine those jurors on that issue for the purpose of testing the credibility of the jurors, as it should have been. See C. Gamble, McElroy's Alabama Evidence
§ 94.06(8) (4th ed. 1991).
The record shows that Volkswagen filed a motion to depose the jurors whose affidavits were offered by the plaintiffs and that the trial court denied this motion. Because Volkswagen was deprived of its right to cross-examine these jurors, the jurors' affidavits are not a proper basis upon which to determine whether the jury had agreed to be bound by the quotient verdict. In my opinion, this case should be remanded so that Volkswagen may cross-examine the jurors and so that the trial court may then determine whether the jury rendered an impermissible quotient verdict.
Therefore, I must dissent as to that issue. In all other respects, I concur with the majority opinion.