[Birmingham Railway & Electric Co. v. Ward.]

# Birmingham Railway & Electric Co. v. Ward.

### *Action for Damages for Assault and Battery.*

1. *Mental suffering; ground for actual damages.*—Where a plaintiff is entitled to recover of a defendant damages for an assault and battery, he may have compensation not only for the wrong alleged to have been inflicted, but also for the mental suffering and humiliation caused him in the abusive and approbrious language used by the defendant at the time and in connection with the alleged assault and battery. Such damages are actual, measurable by a pecuniary standard and are different and distinguishable from what are termed vindictive, exemplary or punitive damages. Hence in an action for assault and battery, charges requested by the defendant that unless plaintiff is entitled to recover punitive damage, he should recover only nominal damages if he was not injured by the asault and battery are properly refused.

2. *Excessive verdict.*—An excessive verdict is a good cause for a new trial.

APPEAL from Birmingham City Court.

Tried before Hon. CHARLES A. SENN.

The action was brought by Walker Ward, a minor, by next friend to recover damages from the Birmingham Railway & Electric Company for injuries alleged to have been inflicted on him and for abusive and insulting language used to him by the motorman of one of the cars of the company. The evidence was conflicting, but that for the plaintiff tended to show that the motorman assaulted the plaintiff while he was on the car and at the same time cursed and abused him. The charges refused to defendant need not be stated in full as the nature and effect of them sufficiently appear in the opinion.

WALKER, PORTER & WALKER, for appellant.

BOWMAN & HARSH, contra, cited, on the question of mental suffering as an element of damage, *McKinley v. C. & N. W. R. R. Co.,* 44 Iowa 320.

HARALSON, J.—The four counts in the complaint claim compensation not only for the wrong alleged to have been inflicted on plaintiff's body, but also for the mental suffering and humiliation caused him in the abusive and opprobrious language used by the defendant's motorman to him at the time, in connection with the alleged assault and battery. Such damages are actual, measurable by a pecuniary standard and are different and distinguishable from what are termed vindictive, exemplary or punitive damages. Mr. Greenleaf, referring to the damages for injuries to the person and reputation says: *"Injuries to the person or to the reputation, consists in the pain inflicted, whether bodily or mental, and in the expenses of loss of property which they occasion. The jury, therefore, in the estimation of damages, are to consider not only the direct expenses incurred by the plaintiff, but the loss of his time, his bodily sufferings, and, if the injury was willful, his mental agony also, etc."*—2 Gr. Ev., § 267. In referring to the same matter, Stone, J., in *S. & N. A. R. Co. v. McLendon,* 63 Ala. 273, used this language: "The loss of time up to the verdict, and probable loss, and incapacity to do as profitable labor, in the future, and physical and mental suffering proximately caused by the injury, are, when established to the satisfaction of the jury, pertinent and legitimate factors in making up the sum of the damages which the jury may award to the plaintiff;" and added, "Another important inquiry in this case is, can there, in this form of action (action for damages for personal injuries), be a recovery for an amount beyond the actual injury sustained, measured by a pecuniary standard (which the court had just been discussing), or can the jury give exemplary or punitive damages?" See also *M. & O. R. R. Co. v. George,* 94 Ala. 199; *L. & N. R. R. Co. v. Binion,* 107 Ala. 652; *W. U. T. Co. v. Cunningham,* 99 Ala. 314; *Ib. v. Henderson,* 89 Ala. 510; *Ala. G. S. R. Co. v. Sellers,* 93 Ala. 9, 15. Exemplary or punitive damages, are such as the jury may impose by way of punishment of defendant, as a protection to society against a violation of personal rights and social order.—2 Sedgwick on M. of Damages, 317, 323, n; 12 Am. & Eng. Ency. Law (2nd ed.), 1 *et seq.* Even when exemplary or puni-

tive damages will not lie, compensatory damages for, or growing out of the bodily injury, and injury to the feelings, may be awarded.—*McKinley v. The C. & N. N. W. R. Co.*, 44 Iowa 314.

From the foregoing we may the better dispose of the two charges asked by defendant, and refused by the court. The first of these,—the 14th,—in substance, admitting the assault, asks the instruction, that if the jury did not believe from the evidence, that the plaintiff was entitled to recover punitive damages, and believed further, that the alleged assault did not injure the plaintiff, "then they could give him only nominal damages, say one cent. or five dollars." The several counts in the complaint claimed actual damages, not only for the alleged assault and battery, but for mental humiliation and suffering growing out of the alleged insulting and abusive language used at the time by the defendant's motorman towards plaintiff,—and these outside of any punitive damages the jury might award. The evidence tended to support both the elements of damage for physical and mental suffering. The wording of this charge,—that if the jury believed from the evidence, "that such assault did not injure the plaintiff," then they could award plaintiff only nominal damages,—if given, might, naturally enough have impressed the jury that they could look no further in awarding damages, than to the bodily pain of the plaintiff which grew out of the assault, and allow nothing for his mental suffering.

The 17th charge, even more glaringly than the 14th, ignores any reference to plaintiff's mental suffering counted on, and seeks to eliminate it entirely from the consideration of the jury as an element of actual damage. Both charges were properly refused.

The jury rendered a verdict for $2,181 for plaintiff. A motion was made for a new trial because the verdict was exorbitant in amount. The plaintiff remitted $727 of that amount, and the court overruled the motion for a new trial. We have examined the evidence with care, and are unanimous in the conclusion that the judgment as it remains, for $1,454, is still excessive. For that reason, we are constrained to hold, that the court erred in not granting a new trial. The judgment of the court

below will be set aside and annulled, and the cause remanded for trial *de novo*.

Reversed and remanded.