# North Alabama Traction Co. *v.* Daniel.

### *Damages for Injury to Passenger.*

(Decided June 18, 1908. Rehearing denied Dec. 24, 1908. 48 South. 50.)

1. *Pleading; Complaint; Certainty; Separate Cause of Action.*—The complaint in this case does not state separate cause of action, the facts set out being merely by way of aggravation, connected with the failure to deliver plaintiff at his destination; nor is the complaint demurrable for being uncertain as to what act plaintiff relied on, or as to whether it was a servant of defendant by whom plaintiff was tanted, etc.

2. *Carriers; Misconduct Towards Passengers.*—Where it appeared that plaintiff suffered no ill effect of a serious or permanent character and had been in the habit of taunting the motorman on former trips, a judgment for $1,750, was excessive, on account of the company's failure to permit him to alight at his destination, and for indignities inflicted by the motorman and conductor, as a consequence of which he had to walk half a mile and was made nervous thereby, and insulted.

3. *Appeal and Error; Review; Presumptions.*—Although the record shows that the term was organized by the regular judge, in the absence of anything to show the contrary, this court will presume that the supernumerary judge, who presided at the trial and signed the bill of exceptions, lawfully held court for the regular judge.

APPEAL from Morgan Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Clarence E. Daniel against the North Alabama Traction Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint was in the following language: "Plaintiff claims of defendant the sum of $5,000 as damages, for that the defendant, a street railway company operating electric cars in Decatur and New Decatur, Ala., is engaged in carrying passengers for hire. It is a rule or regulation of defendant to stop its cars at street crossings in each of said towns for the purpose of allowing passengers to alight, and to this end its cars are equipped with buttons, which, when pressed, ring an electric bell, which is a notification to the conductor in charge of the car that a passenger desires to alight at the next regular stopping place. On, to wit, the 25th day of July, 1905, plaintiff boarded a car belonging to defendant on Bank street, in Decatur, Ala., and paid his fare for the purpose of riding to his home, on or about the corner of fourth avenue and Grant street, in New Decatur, Ala., and proceeded thereon until he reached Second avenue and Grant street, in New Decatur, Ala., at which point he was duly transferred to his car on a connecting line belonging to the defendant, which line extended along Grant street by plaintiff's home to East Decatur, a mile

or more distant. Said car was in charge of F. M. Simrell as conductor, and George Shuckfull, as mortorman, servants of the defendant. As the car on which plaintiff was riding on said connecting line approached Fourth avenue, plaintiff signaled the conductor (by pressing the button and ringing the electric bell) to stop the car at Fourth avenue, and no heed was given to his signal. In the same manner plaintiff gave another signal for the car to stop just as he reached and just after he passed Fourth avenue, and the only response which said signal received was a reply from the motorman on said car, to wit: 'You will have to sleep in the shed like a dog to-night, or walk back home.' The said car was not stopped until it reached Summerville road, about half a mile distant, at which two passengers alight-and it then proceeded to the end of defendant's line in East Decatur. Plaintiff remained on the car for the purpose of going to his home on its return trip. Between the terminal of defendant's car line in East Decatur and plaintiff's home the defendant maintained a car shed some distance, to wit, about half a mile, from plaintiff's home, and just before the car on which plaintiff was riding (on its return trip) reached said car shed plaintiff was informed by the conductor on said car that he (plaintiff) would have to walk back home or sleep in the barn, and when said car reached said shed or barn the motorman began to back it into the shed, and plaintiff alighted and walked to the sidewalk near by, whereupon the car was immediately put in rapid motion up the track in the direction of plaintiff's home. Plaintiff made an effort to then board said car, which effort was observed by defendant's conductor or motorman, who not only refused to stop the car, but halloed to plaintiff as a parting insult: 'We have got it on you after all.' Plaintiff avers that the aforesaid occurrence happened

[North Alabama Traction Co. v. Daniel.]

late at night, to wit, 11 o'clock, that he was sick at the time, and had been for some days prior thereto, and that by reason of the aforesaid act of defendant's servants in charge of the car he was forced to walk to his home, a distance of, to wit, about half a mile, in consequence of which he was greatly weakened, fatigued, and was very nervous, and could not get composed or go to sleep for a long time thereafter, and suffered great physical pain while on said car as aforesaid, was taunted, guyed, insulted, badgered, and baffled, and was greatly humiliated, and his feelings and pride were outraged and sorely wounded, and he suffered great mental pain."

Demurrers were interposed to the complaint as follows: "(1) That the several acts of defendant's servants and employes' are alleged as occurring at different times, and it is vague, uncertain, and indefinite as to which of said acts plaintiff bases his right of action. (2) Said complaint alleges several different, distinct, and independent acts of defendant's servants as the cause of injuries complained of, all in one and the same count. (3) Said count is vague, indefinite, and uncertain in its allegation as to whether or not it was a servant of defendant engaged in the performance of his duties by whom he was taunted, guyed, insulted, baffled, and humiliated. (4) It is not alleged that the person by whom he was so guyed, insulted, baffled, etc., was in the service of defendant and in the performance of his duties at the time. (5) Said complaint fails to allege that plaintiff was a passenger upon said car to which he was transferred, having a right of passage thereon. (6) The remark alleged therein as having been made by the motorman to the plaintiff is not the subject or the element of damages on the facts alleged. (7) It is uncertain from said complaint whether the grievances complained of was the failure of said car to stop at said Fourth avenue, or re-

27—8

marks alleged to have been made by the motorman after it passed Fourth avenue and was on its return trip towards plaintiff's home. (8) It is uncertain whether the injuries complained of was the failure of the car to stop at the place where plaintiff alleges to have attempted to board it on its return trip to Fourth avenue, and does not allege that the place where he so attempted to get on or board such car was a regular stopping place for said car."

The evidence of plaintiff was substantially as the facts are stated in the complaint, with the additional fact, as testified to by plaintiff, that he had often guyed and taunted the mortorman and conductor on this line in a spirit of fun and pleasantry. The evidence for defendant tended to show that the signal to stop at Fourth avenue was not given until the avenue was reached, and at a time when the car was in rapid motion going down-grade, but that an offer was made to put plaintiff off in the middle of the block, which offer he declined, but went on to the end of the line in order to return to his home on the return trip; that on the return trip the car stopped at the barn, and the motorman in charge told plaintiff in a joking way that he would have to walk home as this car did not go on, but neither the motorman nor conductor knew of his getting off the car until after it had started and was passing him as he was walking towards home; and that plaintiff made no signal for the car to stop.

Motion for new trial was made, based on the grounds that the verdict was excessive; it being $1,750.

JOHN C. EYSTER, for appellant. The averments of the complaint show separate, distinct and independent causes of action and the demurrers raising these points should have been sustained.—*A. G. S. R. Co. v. Shahan.*

106 Ala. 302; *L. & N. v. Cofer*, 110 Ala. 491; *S. A. & M. R. R. Co. v. Buford*, 106 Ala. 303; *R. R. Co. v. Dusenberry*, 94 Ala. 413; *Iron City Mining Co. v. Hughes*, 42 South. 39. The judge's oral charge was error.—*Payne v. I. C. R. R. Co.*, 155 Fed. 73; *Mellon's v. Bir. R. L. & P. Co.*, 45 South.; Clark's Ry. Ac. Law, §§ 7 and 8; 4 St. Ry. Rep. 465. The verdict was contrary to the weight of the evidence.—*Lollar v. Ry. Co.*, 135 Ala. 375. The damages were excessive.—*Richardson v. B. C. M. Co.*, 116 Ala. 381; *A. G. S. R. R. Co. v. Burgess*, 119 Ala. 555; *Clark v. Pope*, 10 South. 586; *Ill. Cent. v. Minor*, 11 South. 101.

LOWE & TIDWELL, and CALLAHAN & HARRIS, for appellee. The court cannot consider the bill of exceptions in this case because it appears from the record that Judge Speake presided at the trial and the bill of exceptions was signed by Judge Alston.—*Peale v. The State*, 144 Ala. 131; *Sterrett v. Davie*, 129 Ala. 269; *McLendon v. Stephens*, 124 Ala. 505. The complaint stated a good cause of action showing the liability of the defendant to plaintiff as an injured passenger.—*Bir. R. & E. Co. v. Baird*, 30 South. 459; *K. C. M. & B. R. R. Co. v. Matthews*, 39 South. 210. The relation of carrier and passenger was not severed.—*Melton v. Bir. R. L. & P. Co.*, 45 South. 151. Hence, the court's oral charge was correct.—*Baird's Case, supra*. The verdict is neither contrary to the evidence nor is it excessive.—*Snedicor v. Pope*, 143 Ala. 290; *Garrett v. Sewell*, 108 Ala. 521; *A. G. S. v. Arnold*, 84 Ala. 169; *Oates v. Bullock*, 33 South. 837.

ANDERSON, J.—The gravamen of the complaint was the negligent failure of the defendant to transport and deliver the plaintiff, a passenger, at the place of his des-

[North Alabama Traction Co. v. Daniel.]

tination, by carrying him beyond his home or by negligently causing him to debark from the car at the barn upon the return trip. The facts set out in the complaint did not constitute separate and distinct causes of action, but were mere matters of aggravation connected with the failure to deliver the plaintiff at his destination. If the complaint-is bad, the defect consists in prolixity, and it was not subject to the demurrer interposed.

While the complaint authorizes punitive damages, and the evidence may have justified the assessment of such damages, we are constrained to hold that under the evidence the verdict was excessive, and the trial court should have granted a new trial. It is true the plaintiff had to walk from the barn home, and that he had been sick and was made nervous; but he suffered no ill effects of a serious or permanent character. Therefore the damages awarded were almost entirely due to the alleged jeers and insults of the defendant's servants. It may be that their conduct was unpardonable, and that the defendant should be punished for having such servants; but we do not think that this plaintiff was in a position to feel the same amount of chagrin over what was said and done as the ordinary passenger, who had comported himself in a proper and dignified manner. He admitted that he had been in the habit of "guying" this motorman on former trips, and may be what was said and done on this occasion was but a retaliation incited by the plaintiff's previous conduct. We do not mean to justify the conduct of these servants, even if intended as a joke, and brought on by the plaintiff's own conduct; yet we think, under the circumstances, that $1,750 was too much for the indignities complained of by the plaintiff. Our conclusion finds support in the cases of *Birmingham R. R. v. Ward,* 124 Ala. 409, 27 South. 471, and *Bessemer Land Co. v. Jenkins,* 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26.

It is insisted by counsel for appellee that the bill of exceptions does not contain all of the evidence, because of the omission of certain interrogatories to defendant's witnesses. It is sufficient to say that it contains all of the evidence of the plaintiff, which fails to support the verdict; but we think it contains all the evidence, notwithstanding the omission of some of the interrogatories.

While the record shows that the term of court at which this case was tried, was organized by Hon. D. W. Speake, the regular judge, it sufficiently appears that Hon. A. H. Alston, supernumerary judge, presided at the trial and signed the bill of exceptions; and in the absence of anything to the contrary we will presume that he was lawfully and regularly holding the court, at the time of the trial of this cause, in the place of the regular judge.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.