(86 South. 124)

CITY OF BIRMINGHAM v. CAIN.
(6 Div. 681.)

(Court of Appeals of Alabama. Jan. 13, 1920. Rehearing Dismissed June 8, 1920.)

1. NEW TRIAL ⬤⟹40(2)—UNOBJECTED-TO EVIDENCE AS TO PLAINTIFF'S RELIGIOUS AFFILIATIONS NO GROUND FOR NEW TRIAL.

Plaintiff who did not object to evidence as to her religious affiliations could not complain thereof on motion for new trial.

2. DAMAGES ⬤⟹96—NEW TRIAL ⬤⟹77(2)—DAMAGES FOR PERSONAL INJURY DISCRETIONARY WITH JURY.

In personal injury actions the amount of damages is left to the sound discretion of the jury, whose verdict will not be disturbed on the grounds of excessiveness or inadequacy, except where it has been produced by passion, prejudice, or other improper motive.

3. DAMAGES ⬤⟹130(4)—$325 VERDICT HELD NOT INADEQUATE.

In action for serious and painful injuries, verdict for $325 *held* not so inadequate as to indicate that jury in fixing the amount was actuated by improper motives.

4. APPEAL AND ERROR ⬤⟹932(1) — NO PRESUMPTION ON APPEAL THAT JURY WAS INFLUENCED BY PLAINTIFF'S RELIGIOUS BELIEFS.

In a personal injury action in which evidence had been admitted as to plaintiff's religious affiliations, it will not be presumed, on appeal, that jury in fixing amount of damages was influenced by plaintiff's religious beliefs, in the absence of testimony on which to base such presumption.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by Mary J. Cain against the City of Birmingham for damages for injuries sustained because of a defective sidewalk. There was judgment for plaintiff in the sum of $325, and on motion of the plaintiff this judgment was set aside for inadequacy, and defendant appeals. Reversed and rendered.

The grounds of the motion were:

(1) Inadequacy of the verdict.
(2) That the defendant brought out evidence tending to show that the plaintiff was an attendant of or member of the Catholic Church, which was wholly irrelevant and prejudicial, and certain other grounds not necessary to be here set out.

The attorneys for appellee filed no brief on the original submission, but filed brief on rehearing, and the rehearing was dismissed.

Walter Brower and Fred G. Moore, both of Birmingham, for appellant.

The judgment was not inadequate. 17 C. J. 1105–1113, and cases cited. A party cannot sit by and permit evidence to be introduced, and afterwards complain thereof. The application should be dismissed. Rules 13 and 38, Sp. Ct. Pract.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The court can exercise its discretion in entertaining an application for rehearing. Counsel then proceeds to discuss the errors committed by the trial court on the original hearing, with the insistence that they authorize the granting of a new trial.

MERRITT, J. [1-3] Since the verdict in this case was for the plaintiff, the only ground upon which a motion for a new trial, at her instance, could have been granted was that the verdict was inadequate. While other grounds for a new trial were incorporated in the motion, viz. that the suggestion was brought out as to the religion of the plaintiff, yet we do not think the plaintiff was in a position to raise this question, if indeed it was a question, for the reason that the plaintiff permitted the defendant to bring this testimony out, and permitted it to show without objection the religious affiliations of the plaintiff, and it strikes us as being rather speculative, to say the least, to sit by and allow this to be done and then to assign, as a ground for granting her a new trial, that the same was done. But should the trial court have granted the motion for a new trial in this case? The decisions in this state are clear to the point that damages in such as the instant case are left by the law to the sound discretion of the jury, and in such a case, under the law, the verdict of a jury should not be disturbed upon the grounds of excessiveness or inadequacy, except in those cases where it has been plainly produced by passion, prejudice, or other improper motive. The amount allowed the plaintiff by the jury in this case was substantial, and was not so greatly inadequate as to indicate that the jury in fixing the amount was actuated by improper motives. The injuries to the plaintiff were serious and painful; but as the law is in such a case unable to furnish a certain rule for the measurement of damages, the jury, and the jury alone, in their sound discretion and judgment, after considering all the evidence, had the right to say what sum should be awarded the plaintiff as compensation to her for her injuries. Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 South. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; Mobile & Ohio R. Co. v. Brassell, 188 Ala.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

349, 66 South. 447; Miller v. So. Bell Tel. & Tel. Co., 195 Ala. 408, 70 South. 730.

[4] We cannot predicate the presumption in this case, that the verdict, although under the facts a trial court might have sustained a verdict in favor of the plaintiff for a larger amount, was produced on account of passion or prejudice or improper motive. We would hate to even think that the religious belief of a party had anything to do with the jury's verdict in this case, and certainly we cannot indulge such a presumption where there is no testimony upon which to base such a presumption.

The judgment of the trial court in setting aside the verdict of the jury and granting a new trial is therefore reversed, and a judgment is here rendered overruling the said motion.

Reversed and rendered.