(97 South. 730)

**McDOUGAL v. ALABAMA GREAT SOUTHERN R. CO. (6 Div. 974.)**

(Supreme Court of Alabama. Oct. 18, 1923.)

**1. Action ⬥45(1)—Pleading ⬥52(1)— Separate and distinct torts may be joined in the same complaint, but should be presented by separate counts.**

Separate and distinct torts, inflicting separate and several injuries, each furnishing a separate and distinct cause of action, to which there may be separate and different defenses, may be joined in the same complaint, but should be presented by separate counts.

**2. Pleading ⬥52(2)—Count held to join improperly charges of negligence and assault and battery.**

A count stating that defendant's conductor caused plaintiff to be carried by his destination, and that he shoved plaintiff violently back in his seat when he tried to have the train stopped, states two distinct causes of action, which are improperly joined in a single count, as a defense to one would not necessarily be a defense to the other.

**3. Pleading ⬥34(4)—Construed against pleader on demurrer.**

A pleading is construed more strongly against the pleader when challenged by demurrer.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by J. P. McDougal against the Alabama Great Southern Railroad Company. From an order or judgment granting defendant's motion for a new trial, plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

It was error to grant defendant's motion for new trial upon the ground that demurrer should have been sustained to count 4. Nor. Ala. Tr. Co. v. Daniel, 158 Ala. 414, 48 South. 50; Id., 3 Ala. App. 428, 57 South. 120; C. of G. v. Morgan, 161 Ala. 483, 49 South. 865; B. R., L. & P. Co. v. Parker, 161 Ala. 248, 50 South. 55.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

Count 4 was demurrable, because of misjoinder of causes of action, and a new trial was properly granted. Raming v. Metropolitan St. Ry. Co., 157 Mo 447, 57 S. W. 273; Sloss Co. v. Mitchell, 167 Ala. 226, 52 South. 69; Interstate Land Co. v. Duke, 183 Ala. 484, 62 South. 845; L. & N. R. R. Co. v. Cofer, 110 Ala. 491, 18 South. 110; Sou. Ry. Co. v. McIntyre, 152 Ala. 223, 44 South. 624; Richardson v. Vaughn, 208 Ala. 442, 94 South. 514.

ANDERSON, C. J. [1] Where there are separate and distinct torts, inflicting separate and several injuries, each furnishing a separate and distinct cause of action, and to which there may be separate and different defenses, they may be joined in the same complaint, but should be presented by separate counts. Sou. R. R. v. McIntyre, 152 Ala. 223, 44 South. 624; Sloss Co. v. Mitchell, 167 Ala. 226, 52 South. 69; Highland R. R. v. Dusenberry, 94 Ala. 413, 10 South. 274.

[2, 3] Count 4 of the present complaint charges that the defendant's conductor "wrongfully caused the plaintiff to be carried by and beyond his said destination a long ways, to wit, 25 miles to the city of Bessemer, Jefferson county, Ala., and in a rough and angry manner grabbed hold of plaintiff and shoved him violently back upon and against the seat in said train when the plaintiff had arisen in an effort to have the train stopped

at the plaintiff's said destination." The first part charges an actionable wrong in carrying the plaintiff beyond his destination, whether done negligently or intentionally, and from aught appearing it may have been unintentional, and the defendant's conductor was guilty of only simple negligence. The last part charges the conductor with an assault and battery on the plaintiff—a wilful or intentional injury—and is not, therefore, merely descriptive of the first charge, or simply a circumstance of aggravation going to the enhancement of damages. The count not only states two separate and distinct causes of action, but they are of such a character that a good defense to one would not necessarily be a defense to the other. If the one charge was intended as merely descriptive of the other, or as an aggravation of the act in carrying the plaintiff beyond his destination, the intent must be ascertained from inference, rather than the literal expressions of the pleader, and pleading must be construed more strongly against the pleader when challenged by demurrer. The trial court, having erred in overruling the defendant's demurrer to the fourth count, correctly granted the motion for a new trial.

The case of Nourth Ala. Co. v. Daniel, 158 Ala. 414, 48 South. 50, is not in conflict with the present holding, as the count there considered did not set up two separate and distinct causes of action, but merely recited certain facts and circumstances calculated to show the motive of the defendant's servants and the aggravation of the wrong, but which were not actionable per se. What may appear to the contrary in the opinion in the case of Cen. of Ga. R. R. v. Morgan, 161 Ala. 483, 49 South. 865, was not decisive of the case, as it affirmatively appeared that before the case was tried the point taken by demurrer was eliminated by striking the latter part from the count and making it the subject of another count.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.