(114 So. 15)

**SOUTHERN RY. CO. v. PENNY.** (8 Div. 549.)

Court of Appeals of Alabama. Aug. 2, 1927.

Rehearing Denied Oct. 4, 1927.

A. H. Carmichael, of Tuscumbia, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Mitchell & Hughston and Orlan B. Hill, Jr., all of Florence, for appellee.

BRICKEN, P. J. On the 17th day of September, 1925, Mamie Falls, a girl about 15 years old, through her aunt, Mrs. Maggie Penny, applied to the ticket agent of the appellant, at Sheffield, Ala., for the purchase of a full-fare ticket from Sheffield, Ala., to Paragould, Ark. The agent was advised that the ticket was desired for a girl who had never traveled alone, or who was not accustomed to traveling alone, and that it was desired that Mamie Falls should not be inconvenienced or troubled. The agent replied, "There will be no danger, unless the train goes in a ditch." The purchaser of the ticket was informed by the agent that the price of a full-fare. ticket was $8.50, which was then and there paid to him, and a ticket was delivered to her.

Mamie Falls embarked on her journey on a train of defendant carrier, and was safely transported on said ticket to Memphis, Tenn., by said carrier. At Memphis there was a change of trains, and that night, about 10 o'clock, Mamie Falls boarded a train of the Missouri Pacific Railroad Company, over whose lines said ticket was sold, for the completion of her journey. Shortly after the young passenger had boarded the train at Memphis, the conductor of the Missouri Pacific Railroad Company, while taking up his tickets, came to Mamie Falls and asked her for her ticket, and when the same was handed to him he asked her how old she was, and, on being informed that she was 15 years old, told her that she could not continue her passage on that ticket without paying $1.83 additional, which sum of money she did not have. Plaintiff, among other things, testified:

"That this conductor told her that she did not have any business riding on a half-fare ticket; also, 'You will have to pay the difference of $1.83,' and being advised by the girl that she had paid full fare for her ticket, and did not have on her person but one half dollar, that the conductor replied, 'You had better get busy and get it, if you don't want to walk back.'" That she was told by the conductor that she "had better get busy and pass your hat around, or he would put you off." That the conductor put his hand on the girl, and "told me I had better get busy and make up that collection, or borrow it from some one, and he put his hand up like that and pulled something, and sounded like he was going to stop the train. That the conductor appeared to be angry, and that she got the remainder of the money from an old gentleman who was a passenger on the same train."

As to what happened when he called for the ticket, the conductor testified:

"When I got to the little girl, I asked her for her ticket, and she handed it to me, and I looked at it, and I saw the ticket was for a half-way ticket or half-fare ticket, and I looked at her and said, 'How old are you?' and she said, 'I am 15 years old,' and I says, 'What did you pay for this ticket?' and she says, '$8 and something;' and I didn't have any rate in my hand then, and I couldn't tell what the rate was, and I said to her, 'I can't carry you on this half-fare ticket;' and I says, 'The law won't let me carry you on a half-fare ticket;' and she began to cry before I could say anything to her; and I says, 'How much money have you got?' and she says, 'I haven't got but 50 cents;' and I says, 'We'll try to raise the money for you.'"

On the 7th day of November, 1925, said Mamie Falls brought her suit in the circuit court of Lauderdale county, Ala., against said the Southern Railway Company, a corporation, claiming $5,000 damages for the negligence and wrongful sale of a railroad ticket by defendant's ticket agent at Sheffield, Ala., for the transportation of said Mamie Falls, as a passenger for hire, from Sheffield, Ala., to Paragould, Ark., over the lines of the defendant and the Missouri Pacific Railroad Company.

In the complaint filed the plaintiff was designated as "Mrs. Maggie Penny, as next friend of Mamie Falls, a minor," and from the allegations of the complaint it appears that Mamie Falls was the sole beneficiary in the suit so brought. The summons and complaint was served upon the defendant on, the 9th day of November, 1925, and it appears from the record that, on the 2d day of De-

cember, 1925, the defendant filed its plea, asserting:

(1) "That the allegations of the complaint are untrue;" and (2) "defendant is not guilty."

Upon the trial of the case before a jury in the court below, there was a verdict in favor of the plaintiff in the sum of $1,000, and a judgment in favor of the plaintiff was accordingly pronounced and entered by the court below for said sum. From that judgment the defendant prosecutes its appeal to this court.

■ There are 23 assignments of error noted upon the record. Several of these assignments are not argued or insisted upon in appellant's brief, and these we do not consider. Guarenire v. Bessemer Lumber Company, 214 Ala. 8, 106 So. 49; Pettus v. Louisville & Nashville R. R. Co., 214 Ala. 187, 106 So. 807.

■ Our attention is first directed in appellant's brief and argument to the fifteenth and sixteenth assignments of error, which take the point that, because the complaint designates the plaintiff as "Mrs. Maggie Penny, as next friend of Mamie Falls, a minor," the suit is not by Mamie Falls, but is by Mrs. Maggie Penny, and that the affirmative charge, requested in writing, first, as to the complaint as a whole, and, second, as to count 1 of the complaint, should have been given in behalf of the defendant by the court below.

■■ We cannot agree with appellant's insistence in this connection and at the same time give due regard to the record before us. It is true that, when a minor brings a suit, it should be brought in the name of the minor by a designated next friend. If a suit does not properly designate the party plaintiff, the attention of the trial court should be called thereto by appropriate pleadings before issue is joined on the complaint, and an opportunity to amend should thereby be given the plaintiff. The defect in the complaint was clearly amendable. However, the complaint shows on its face that the suit was brought in the name of Mrs. Maggie Penny, the nominal plaintiff, for the benefit of Mamie Falls, a minor, the real plaintiff. Mamie Falls, the sole beneficiary, is really the only party plaintiff on the record. Code 1923, § 5700; Smith v. Yearwood, 197 Ala. 680, 73 So. 384.

Looking to the appeal bond, which, when approved and filed, invested this court with jurisdiction in this cause, we find that the obligation to pay is given to "Mamie Falls, who sues by her next friend, Maggie Penny." Looking to the notice of the appeal, the command is: "To notify Mamie Falls, pro ami, Maggie Penny." The trial court did not err in refusing to give the affirmative charge in favor of the defendant, as insisted under the fifteenth and sixteenth assignments of error. Code 1923, § 7858; Supreme Court rule 45; circuit court rules 34 and 35.

■ Appellant next insists, under proposition 2 of brief, that the complaint in the instant case will not support a judgment; that for this reason appellant is entitled to have the judgment of the court below set aside. A number of authorities are cited in support of this contention, and these authorities we have examined, but are of the opinion they are not applicable here, because the facts of the respective cited cases are entirely different from the facts in the case at bar. It may be observed, however, that this court, under the authority of the American Bonding Company Case, 11 Ala. App. 578, 66 So. 847, is committed to the sufficiency of the complaint now before us. In that case it was said:

"If the complaint in this case contained a substantial cause of action, and the judgment of the court is responsive to the complaint, the appellant cannot complain of errors or defects in the complaint which would have subjected it to demurrer."

Again in the same case it was said:

"And this is true, notwithstanding the complaint might have been subject to the objection of a misjoinder of causes of action in one and the same count."

Under said authority we are compelled to adopt a liberal construction of the averments of the complaint, and to treat all amendable defects as amended, and then, if, under the facts stated, regardless of how they are pleaded, a substantial cause of action is stated, the judgment must be sustained.

■ If Mamie Falls made application to the defendant's ticket agent at Sheffield, Ala., for a full-fare ticket from Sheffield to Paragould, Ark., and paid him the full fare charged for said ticket, and received for said full fare only a half-fare ticket, then the defendant was liable in damages for its failure to furnish the plaintiff a ticket that would carry her to the destination to which she paid the fare charged. Seaboard Air Line Ry. Co. v. Patrick, 10 Ala. App. 341, 350, 65 So. 437.

Looking to count 1 of the complaint, and treating all amendable defects thereof as amended, and giving the averments a liberal construction, it is apparent that Mamie Falls, a minor, suing by her next friend, Mrs. Maggie Penny, has brought her action to recover of the defendant $5,000 as damages for its failure to furnish her with a full-fare ticket for her transportation from Sheffield, Ala., to Paragould, Ark., for the full fare charged her and paid by her to the defendant. It is therefore obvious that the complaint is sufficient to support, and does support, the judgment.

■■ It is next insisted that the trial court erred in refusing to strike from the complaint certain allegations relating to the conduct of the conductor of a train of the Missouri Pacific Railroad toward the plaintiff. The motions to strike, being a part of the preliminary pleadings, should have been in writing,

and should have been incorporated in the record proper, as provided by section 9459, Code 1923. However, the ruling of the trial court upon the respective motions is not revisable by this court. National Surety Co. v. O'Connell, 202 Ala. 684, 81 So. 660.

■ The seventeenth assignment of error asserts that the trial court erred in refusing to defendant the following written charge D.

"The defendant, under the law in this case, is not liable for any insults, if any were offered her, done by the conductor of the Missouri Pacific Railroad Company."

We do not think this charge correctly states the law applicable to the facts of this case. The negligence of which plaintiff had the right to complain, and for which she had the right to sue, was the act of the defendant's agent at Sheffield in not selling and delivering to her a full-fare ticket, for which he received full compensation. A full-fare ticket would have entitled plaintiff to passage over the Missouri Pacific Railroad to her destination. A half-fare ticket did not entitle her to transportation. A railroad ticket is the sole and exclusive evidence to the conductor of the passenger's right to be and remain upon a train, and the passenger can only expect the conductor to extend such rights as the ticket on its face accords. Whatever thing happened during plaintiff's journey, proximately resulting from the negligence of defendant's ticket agent at Sheffield in selling and delivering to plaintiff a half-fare ticket, when a full-fare ticket was purchased and paid for, and whatever words were spoken and whatever acts were done by the conductor on the Missouri Pacific Railroad that were attributable to the wrong of defendant's ticket agent at Sheffield in selling an improper ticket are relevant and pertinent to the issues of this case. The facts set out in the complaint, which relate to what the conductor of the Missouri Pacific Railroad did and said do not constitute separate and distinct causes of action, but were mere matters of aggravation directly attributable to the failure of defendant's agent at Sheffield to deliver to plaintiff a full fare ticket. We think the question is decided by the opinion of Mr. Justice Anderson in the case of North Alabama Traction Co. v. Daniel, 158 Ala. 414, 48 So. 50.

The case of Alabama Great Southern R. Co. v. Vermillion, 16 Ala. App. 229, 77 So. 67, does not in any way conflict with what we have hereinabove said. Where applicable to the facts of the instant case, the Vermillion Case supports the views here expressed. It is true that this court held in the Vermillion Case that Vermillion had no right of action against the Alabama Great Southern Railway Company for his ejection by the conductor from a train on the Vicksburg, Shreveport & Pacific Railway, when Vermillion tendered the conductor for his transportation coupons from a coupon book which were not acceptable for transportation of the passenger over that railway, and which book showed on its face that they were not good over that railway when tendered by the passenger, although said coupon book had been purchased from defendant's agent. But, says the Vermillion Case:

"If the plaintiff had made a contract with the agent of defendant for transportation from Bessemer to Shreveport and return, at a rate authorized by and in accordance with the rules and tariff as fixed by the Interstate Commerce Commission, *paid his money therefor, and the agent had negligently given him a ticket over a route upon which the ticket would not be honored, and the plaintiff thereby, and as a proximate consequence thereof, suffered damages, then the defendant would be liable.*" (Italics ours.)

In other words, the Vermillion Case expressly holds that, if the agent of the Alabama Great Southern Railway had sold and delivered Vermillion, for full and legal fare, a full-fare ticket from Bessemer to Shreveport, routing him over the Vicksburg, Shreveport & Pacific Railway, when he had no right to so route him on said ticket, and Vermillion had been ejected by a conductor of a train of the latter railway, then the Alabama Great Southern Railway would have been liable for the act of the conductor in ejecting said passenger. And why? Because the damage suffered by the passenger was the proximate consequence of the negligence of the agent in selling the passenger an improper ticket.

We do not think that the case of McDougal v. Alabama Great Southern Ry. Co., 210 Ala. 207, 97 So. 730, can be rightly construed as supporting the charge requested by the defendant. The real question determined by the McDougal Case, supra, is that a case of simple negligence and a case of willful or intentional injury may be joined in the same complaint, but should be presented in separate counts. In that case the court clearly differentiates the McDougal Case from the earlier case of North Ala. Traction Co. v. Daniel, 158 Ala. 414, 48 So. 50, by saying that the count in the Daniel Case did not set up two separate and distinct causes of action, but that it merely recited certain facts and circumstances showing the motive of defendant's servants and agents and the aggravation of the wrong suffered by plaintiff, but which were not actionable per se.

■ And that is the present insistence of appellee. The conduct of the conductor of the train on the Missouri Pacific Railroad is recited in count 1 of the complaint as showing the aggravation of the wrong done the plaintiff when the defendant's ticket agent sold her a half-fare ticket, when a full-fare ticket was demanded and full fare was paid therefor. The trial court did not err in refusing special charge D requested by defendant, and for the same reasons here expressed we hold that the trial court committed no er-

ror in refusing to give special charges E, F, and H, requested by defendant.

The twenty-third and last assignment of error is based upon the refusal of the court to grant the defendant a new trial. The only question submitted and argued to this court is that the judgment is excessive. The law governing the granting or refusing of a motion for a new trial upon the ground of the excessiveness of the judgment has been so often declared by this court and the Supreme Court that further observations in regard thereto are unnecessary. In the case before us the jury by their verdict awarded the plaintiff damages in the sum of $1,000. When the motion for a new trial was heard and determined by the court below, that court refused to reduce the amount of the judgment, and refused to grant a new trial because the judgment was excessive. The trial court was in a far better position to judge of the reasonableness of the judgment than is this court. The judge of the trial court had the opportunity of seeing and hearing the witnesses testify, including the plaintiff.

Among other things the complaint seeks to recover damages for mental suffering, or for mental pain and anguish, aroused by humiliation, trouble, worry, and fear. The law does not fix any standard by which damages for mental pain and anguish may be measured. The assessment of damages in a case of this character is committed to the sound judgment and discretion of the jury, and it was the duty of the jury to assess these damages according to their just and impartial determination of what amount in money should be fairly and rightly awarded the plaintiff, under the facts and circumstances of the case, as disclosed by the evidence. We cannot say that the verdict of the jury in this case was so excessive as to indicate internal evidence of intemperance in the mind of the jury. And, further, we cannot say that the facts and circumstances of plaintiff's case, as disclosed by this record, demonstrate that the verdict of the jury was the result of bias, passion or prejudice. The amount of damages that should have been awarded the plaintiff, a young girl, unaccustomed to travel alone, as compensation to her for the fright, worry, and humiliation suffered by her because of the negligence of defendant's ticket agent, is difficult to determine. The jury has fixed these damages in the sum of $1,000. The lower court refused to reduce the amount of damages, and refused to grant a new trial on the ground that the judgment was excessive. We cannot say that the amount of the judgment is excessive, and we therefore hold that the lower court did not err in refusing to grant to the defendant a new trial. Thompson v. Southern Ry. Co., 17 Ala. App. 406, 85 So. 591; City of Birmingham v. Cain, 17 Ala. App. 489, 86 So. 124; Nashville, C. & St. L.

Ry. v. Crosby, 194 Ala. 338, 70 So. 7; Central of Georgia R. Co. v. White, 175 Ala. 60, 56 So. 574.

This court finds no error in the record of which appellant can justly complain, and the judgment of the lower court is therefore affirmed.

Affirmed.